SARAH A. EMBLEY, appellant,

and

ELSTON HUNT, respondent.

1. The legislature having the right, under the constitution (Article VI, section 1,) to abolish the orphans court, may authorize any question of fact arising in such court to be certified into the circuit for trial.

2. *Query.* Whether the orphans court can impose upon the applicant for such trial, any condition as to the time of trial.

3. Alleged irregularities in the proceedings at such trial are properly disposed of by application to the circuit for a new trial.

4. *Query.* Whether irregularities, as, for example, the form of the issue, the want of proper notice of trial and notice of settling the issue, are cognizable in the orphans court, after a motion for a new trial on those grounds has been refused by the circuit court.

*Mr. T. G. Lytle* and *Mr. Benjamin Williamson,* for appellant.

*Mr. Isaac W. Lanning,* for respondent.

On appeal from a decree of the ordinary, reported in *Embley* v. *Hunt, supra* p. 281.   See, also, *S. C.,* 1 *Stew.* 421.

DALRIMPLE, J.

A caveat having been filed with the surrogate of Mercer county against admitting to probate the will of William Poland, deceased, citations were duly issued as required by the statute.   On return of the citations, the counsel of caveator moved the orphans court to certify the questions involved into the circuit for trial before a jury.   The application was granted and a certificate duly filed with the clerk of the circuit court, in compliance with the provisions of section nineteen of the orphans court act (*Rev.* p. 756).   An issue was joined and a trial had before the circuit, which resulted in a verdict in favor of the validity of the will.   The chief justice, before whom the issue was tried, certified and returned to the orphans court the proceedings had and the verdict of the jury.   Upon the coming in of the certificate to the orphans court, a motion was there made to set aside all proceedings because of various alleged errors and irregularities in the case as certified by the orphans court, and in the trial of the issue before the circuit court.   This motion was denied, and the will admitted to probate in accordance

with the finding of the jury, and in pursuance of section twenty of the act referred to. The caveator thereupon appealed to the prerogative court. That court affirmed the decree of the court below. Thereupon this appeal was taken from the decree of the ordinary. The contention of the appellant is, that the decree of the orphans court admitting the will to probate, and that of the ordinary in affirmance thereof, are erroneous, and should be reversed.

It is, in the first place, insisted that the act (*Rev.* p. 756, §§ 19, 20,) authorizing the orphans court to certify for trial into the circuit court the questions arising on the caveat to will, is unconstitutional. This objection is without force. There is in the constitution no limitation of the power of the legislature to declare what shall be lawful evidence in the orphans court of the execution and publication of a will. Moreover, by Article VI, section 1, of the constitution, it is expressly declared that the judicial power shall be vested in the higher courts named, and such inferior courts as at the time of the adoption of the constitution were in existence and as might thereafter be ordained and established by law, "which inferior courts the legislature may alter or abolish, as the public good shall require." The orphans court is one of the inferior courts referred to. If it may be abolished and its whole jurisdiction constitutionally conferred on another tribunal, I am not able to see why the legislature may not authorize it to certify into the circuit, for trial, any question of fact that may arise therein and accept the result in that court as decisive of the issue raised.

Another objection is, that the orphans court imposed a condition in its certificate of the questions, that they should be tried at the then next term of the circuit court. It is found, on reference to the certificate, that this objection is not true in fact. The certificate simply says that the "questions be certified into the circuit court of Mercer for trial before a jury, pursuant to the statute in such case made and provided." It is true that the orphans court, in its decision in favor of the caveator's motion to certify the case into the

circuit court, annexed the proviso that the caveator should stipulate to try the issue at the then next term. It does not, however, appear that this proviso was incorporated in the certificate filed in the circuit court, or was in anywise brought to the attention of that court. It is not now necessary to decide what, if any, effect such proviso would have had if made a part of the certificate.

The other objections urged before the orphans court relate to the form of the issue and want of proper notice of trial, and notice of settling the issue in the circuit court. Upon these grounds a motion for a rule to show cause why there should not be a new trial was made in the circuit and refused. This motion, I think, was rightly disposed of in the circuit, which makes it unnecessary to consider whether the orphans court has, under the statute, any power to set aside the proceedings in the circuit for errors of law or fact happening at the trial in that court. The result is, that the decree of the prerogative court must be affirmed.

Decree unanimously affirmed.